NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 17-1433

————————

MICHELLE RENN CORCHADO;
JONATHAN MUSSO

v.

FOULKE MANAGEMENT CORP., trading as CHERRY HILL MITSUBISHI &
MT. EPHRAIM CHRYSLER DODGE, CHARLES KEARNS; ROBERT BADOLATO;
STEVE DOE; SAID NAMES BEING FICTITIOUS; WELLS FARGO DEALER
SERVICES; STEVEN R. CORSEY

Foulke Management Corp.; Wells Fargo Dealer Services,
Appellants

————————

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 1:15-cv-06600)
District Judge: Hon. Jerome B. Simandle

————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 26, 2017

————————

Before: SMITH, *Chief Judge*, McKEE and RESTREPO, *Circuit Judges*.

(Opinion filed:  December 21, 2017)

————————

OPINION*

————————

————————

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge.*

Foulke Management Corporation and Wells Fargo Dealer Services appeal the District Court's order denying their motions to compel arbitration and directing limited discovery. For the reasons that follow, we affirm the judgment of the District Court.

I.[1]

We first consider Appellants' contention that the arbitration agreement should be enforced because it is undisputed that Appellees' signatures appear on a copy of the agreement. The mere fact that Appellees signed copies of the arbitration agreement does not definitively demonstrate that they intended to be bound by its terms, nor does it negate their claims that they were fraudulently induced to sign it. Both Appellees specifically allege that they were not aware of the terms of the arbitration agreement when they signed, that they were prevented from reading it before signing, and that they were misled about the nature and purpose of the document.

We have previously held that "if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then 'the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.'"[2] Here, after Appellant Foulke filed its motion to compel arbitration, Appellees submitted declarations alleging "additional facts

---

[1] The District Court had subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction to review the District Court's denial of Appellants' motions to compel arbitration under 9 U.S.C. § 16(a)(1)(B).

[2] *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (2013) (quoting *Somerset Consulting, LLC v. United Capital Lender, LLC*, 832 F. Supp. 2d 474, 482 (E.D.Pa. 2011)) (alteration in original).

2

sufficient to place the agreement to arbitrate in issue."[3] Thus, the District Court correctly found that limited discovery concerning Appellees' intent *vel non* to be bound by the terms of the arbitration agreement was warranted, as they had entered into the record evidence demonstrating that they did not intend to be bound by the terms of the agreement.

We next consider Appellants' assertion that Appellees failed to specifically allege that they were fraudulently induced to sign the arbitration agreements, as opposed to the contract documents collectively, and that they should therefore be compelled to arbitrate the threshold question of arbitrability.[4] Appellees have, in fact, specifically alleged in their declarations that they were fraudulently induced to sign the arbitration agreements.

In discussing the requirements of the Federal Arbitration Act, the Supreme Court has held that "if the [plaintiff's] claim is fraud in the inducement of the arbitration clause itself–an issue which goes to the 'making' of the agreement to arbitrate–the federal court may proceed to adjudicate it."[5] The Act was intended "to make arbitration agreements as enforceable as other contracts, but not more so."[6] Thus, an arbitration agreement, like any other alleged contract, "may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'"[7] As the District Court correctly noted here, Appellees have "asserted a defense of fraud in the inducement of the respective stand-

---

[3] *Id*.
[4] Appellants' Br. at 18-19.
[5] *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967).
[6] *Id*. at 404 n. 12.
[7] *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).

alone arbitration agreements in opposition to Defendants' motions to compel arbitration, supported by sworn statements."[8] Thus, their contentions, if true, would be grounds for invalidating the arbitration agreement under New Jersey law.[9]

## II.

For the foregoing reasons, we affirm the District Court's order in its entirety.

---

[8] App. at 35.

[9] "An agreement to arbitrate, like any other contract, 'must be the product of mutual assent, as determined under customary principles of contract law.'" *Atalese v. U.S. Legal Servs. Grp., L.P.*, 99 A.3d 306, 312 (N.J. 2014) (quoting *NAACP of Camden Cnty. E. v. Foulke Mgmt.*, 24 A.3d 777, 790 (N.J. App. Div. 2011)).